UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS ALBERTO PAEZ TOVAR,

Petitioner,

v.

JULIE MASSENGILL,
TROY GOODNOUGH,
KEVIN RAYCRAFT,
DAVID J. VENTURELLA,
MARKWAYNE MULLIN,
and TODD BLANCHE,

Case No. 26-cv-12812
Honorable Linda V. Parker

Defendants.

_______________________________________/

**OPINION AND ORDER**

On August 11, 2026, Jesus Alberto Paez Tovar ("Petitioner"), a Venezuelan national, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking a prompt individualized bond hearing under the Due Process Clause of the Fifth Amendment, or, alternatively, his release from custody. (ECF No. 1.)

On March 27, 2024, Petitioner presented himself for inspection at the San Ysidro, California port entry pursuant to an appointment scheduled through the CBP One Mobile application. (ECF No. 1 at PageID.17 (citing ECF Nos. 1-2 and 1-3).) CBP processed him, issued him a Form I-94, reflecting an authorized period

through March 26, 2026, and paroled him into the United States. (*Id*. (citing ECF No. 1-3).) That same day, he received a Notice to Appear Form I-862, charging him with inadmissibility and designating him as an "arriving alien." (*Id*. at PageID.18 (citing ECF No. 1-1).) Following his release, he settled in Chicago, Illinois. (*Id*. at PageID.19 (citing ECF Nos. 1-4 and 1-5).) On February 24, 2025, within one year of removal, he filed for asylum. (*Id.* (citing ECF No. 1-4).) He then applied for employment authorization. (*Id* (citing ECF No. 1-5).) Upon approval of that application, he worked openly as a delivery driver and filed taxes. (*Id*.) On August 25, 2025, a criminal complaint was lodged against him in Cook County, Illinois for a single misdemeanor charge of retail theft of property under $300. (*Id*. at PageID.20 (citing ECF No. 1-6).) The complaining witness failed to appear at the initial hearing on September 17, 2025. (*Id*. (citing ECF No. 1-6).) Petitioner demanded a trial, and the charge was stricken with leave to reinstate, though it has not been reinstated to date. *Id*. (citing ECF No. 1-6).)

On or about July 23, 2026, Petitioner inadvertently drove across the Ambassador Bridge connecting Michigan with Canada. (*Id*. at PageID.21.) In turn, immigration officials returned him to the custody of the United States, where he remains at the Monroe County Jail awaiting the conclusion of his removal proceedings. (*Id*. at PageID.22.)

Before the Court is Petitioner's habeas petition. Due to events that have occurred since the initial round of briefing, the Court finds it imprudent to render a ruling today. In particular, the Court notes that Petitioner has a merits hearing (for what exactly, the online database does not say) set for tomorrow, October 28, 2026 at 8:30 a.m. before an immigration judge.[1] If a determination is made that removal is warranted, it is not apparent that Petitioner will be entitled to bond under the same statutes that the parties rely on in their briefs. On the other hand, to the extent there is no change in Petitioner's status following tomorrow's merits hearing, the Court is not convinced, in reviewing the Government's response brief, that either 8 U.S.C. § 1225(b)(1) or 8 U.S.C. § 1226(c) apply. Accordingly, the Court will order the parties to provide a status update following tomorrow's merits hearing, which shall be submitted no later than 5 p.m. on October 29, 2026. In addition, the parties should advise whether they believe supplemental briefing is necessary for resolution of this petition, if the circumstances are changed such that this action is now moot, or if a remedy other than a bond hearing is more appropriate now.

In the interim, the Court addresses the Government's concerns regarding the proper respondents in this case. "[T]he default rule" in habeas challenges such as

[1]To view, access https://acis.eoir.justice.gov/en/caseInformation/ and insert Petitioner's information.

this "is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004). In this case, that would be Julie Massengill, the jail administrator of the Monroe County Jail, as that is where Petitioner is being held; however, she has since retired. Captain Chad Cupp has taken her place.[2] The Court will update the caption accordingly. *See* FED. R. CIV. P. 25(d). No extraordinary circumstances exist to justify expanding the number of respondents, rendering the naming of more officials other than Cupp as respondents unnecessary. *See Prado Orozco v. Raycraft*, No. 2:26-cv-11985, 2026 WL 2138181, at *10 (E.D. Mich. July 24, 2026) (citing *Roman v. Ashcroft*, 340 F.3d 314, 325-26 (6th Cir. 2003)). Petitioner does not appear to dispute as much. (ECF No. 7 at PageID.164 ("At minimum, the custodian recognized by *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003), as exercising immigration custody within this District is properly before the Court, and dismissal of any additional respondent would not affect the Court's ability to adjudicate the writ.") As such, all respondents other than Cupp will be terminated from this action.

---

[2] *Chad Cupp*, MONROE COUNTY, https://www.co.monroe.mi.us/m/directory/employee?eid=184 (last accessed October 27, 2026).

Accordingly,

**IT IS ORDERED** that the parties shall provide a status update following tomorrow's merits hearing on or before 5 p.m. on October 29, 2026; in that same update and by that same deadline, the parties shall advise whether they believe supplemental briefing is warranted, the petition is now moot, and/or if another remedy is now warranted; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall take all steps necessary and appropriate to terminate Julie Massengill from this action and replace her with Captain Chad Cupp; the Clerk of Court shall also take all steps necessary and appropriate to terminate the remaining Respondents from this action.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 27, 2026